### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**DARRAN LANG**                                                              **PLAINTIFF**

**v.**                                                                       **No. 4:20-CV-30-DMB-RP**

**NATHAN "BURL" CAIN, ET AL.**                                         **DEFENDANT**

### ORDER GRANTING MOTION TO STAY

The Mississippi Department of Corrections ("MDOC") Defendants[1] request that the court stay this case pending resolution of Defendants' Motion to Dismiss or Alternatively Consolidate. Having reviewed the docket and the arguments by the parties, the court finds the motion to be well-taken. As such, the Motion to Stay is GRANTED as detailed below.

Defendants filed a Motion to Dismiss or Alternatively to Consolidate Cases on September 4, 2020 (Docket #27) then subsequently filed this Motion to Stay. Upon filing of the Motion to Stay, the court ordered that approaching deadlines would be continued pending resolution of the Motion to Stay. Docket #31. The court continued the MDOC Defendants' deadline to answer the Amended Complaint and continued the Case Management Conference. *Id*.

Notably, in their brief, the Plaintiffs only oppose the Motion to Stay "to the extent it seeks to stay . . . deadlines not specifically referenced in the Court's September 10th order." Docket #36, p. 2. Defendants' Motion to Stay only seeks to stay the deadline to answer the Amended Complaint, and all obligations set forth in the Rule 16 Initial Order (Docket #18), both of which are referenced in the court's September 10th order (Docket #36). Thus, it appears Plaintiffs do not object to the substance of the Defendants' Motion to Stay. In any event, the court finds good cause to stay this case.

---

[1] The "MDOC Defendants" include Tommy Taylor, Jeworski Mallett, Gloria Perry, Brenda S. Cox, Timothy Morris, Nathan "Burl" Cain, and Sonja Stanciel.

The court has inherent power to control its docket for the benefit of counsel, litigants, and for judicial economy. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Defendants' pending Motion to Dismiss or Consolidate (Docket #27) may deal with this case dispositively or remove the case from the undersigned. The court, and the parties, would be well served by awaiting the resolution of that motion before engaging in discovery or requiring the MDOC Defendants to answer in this proceeding. Further, Defendant Centurion of Mississippi recently filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. Docket #39. Under Local Uniform Civil Rule 16(b)(3)(B), filing a motion asserting a jurisdictional defense stays the attorney conference and all discovery pending resolution of the motion.

As such, the MDOC Defendants' Motion to Stay (Docket #29) is GRANTED. The MDOC Defendants' deadline to answer the Plaintiffs' Amended Complaint is stayed pending resolution of the MDOC Defendants' Motion to Dismiss or Consolidate (Docket #27). Further, all discovery and the attorney conference are stayed pending resolution of both the MDOC Defendants' Motion to Dismiss or Consolidate (Docket #27) and Centurion of Mississippi's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket #39). The parties are instructed to inform the undersigned of the resolution of the above referenced motions within seven days after rulings thereon.

**SO ORDERED**, this the 8th day of October, 2020.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE