IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DARRAN LANG, et al.**   **PLAINTIFFS**

**V.**   **NO. 4:20-CV-30-DMB-RP**

**NATHAN "BURL" CAIN, et al.**   **DEFENDANTS**

### ORDER

After the former health care provider for the Mississippi Department of Corrections moved to dismiss the plaintiffs' complaint for lack of subject matter jurisdiction, the plaintiffs filed a motion seeking leave to amend their complaint to add additional claims and seek monetary relief against the provider. Because the plaintiffs have since indicated that the Court's subsequent consolidation of this case with a related case renders the proposed amended complaint improper, the plaintiffs' motion to amend will be denied without prejudice.

### I
### Procedural History

On July 9, 2020, the plaintiffs, 227 current and former residents of the Mississippi State Penitentiary at Parchman, Mississippi ("Parchman"), filed an amended complaint in the United States District Court for the Northern District of Mississippi against Mississippi Department of Corrections ("MDOC") Commissioner Nathan "Burl" Cain; MDOC Deputy Commissioner of Institutions Jeworski Mallett; Parchman Acting Superintendent/Area 1 Warden Timothy Morris; MDOC Chief Medical Officer Gloria Perry; Parchman Area 2 Warden Brenda Cox; Parchman Chief of Security Sonja Stanciel; and Centurion of Mississippi, LLC. Doc. #6. In their complaint, the plaintiffs assert an array of Eighth Amendment claims related to the current and past conditions at Parchman. *Id.* at 38–42. The plaintiffs also raise procedural due process claims related to their confinement. *Id.* at 38.

On October 6, 2020, Centurion filed a motion to dismiss for lack of subject matter jurisdiction. Doc. #39. In its motion, Centurion argues that the case against it is moot because it "is no longer the contract healthcare provider and no longer able to provide care or treatment to prisoners in MDOC's custody," and, therefore, is "unable to implement any injunctive or declaratory relief that might be ordered by this Court."[1] *Id*. at 2. Two days later, United States Magistrate Judge Roy Percy stayed the case based on the pending motions to dismiss.[2] Doc. #40.

On October 27, 2020, the plaintiffs filed a motion for leave to file a second amended complaint. Doc. #43. Centurion and the MDOC defendants filed separate responses opposing the motion. Docs. #50, #52. Before the plaintiffs filed their reply, this Court, on motion of the MDOC defendants, consolidated this case with *Amos v. Taylor*, No. 4:20-cv-7-DMB-JMV. Doc. #56. After consolidation, the plaintiffs filed a reply to Centurion's response, Doc. #57, and a separate reply to the MDOC defendants' response, Doc. #58.

## II
## Analysis

Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course" within certain time limits. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "But leave may be denied when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be futile." *Morgan v. Chapman*, 969 F.3d 238, 248 (5th Cir. 2020). In addition to these substantive requirements, Local Rule 15 requires a party

---

[1] In violation of Local Rule 7(b), Centurion did not file a memorandum brief with its motion to dismiss and its motion to dismiss includes legal arguments and citations. Doc. #39. The motion to dismiss may properly be denied for these deficiencies alone. *See* L.U. Civ. R. 7(b)(4) ("Failure to timely submit the required motion documents may result in the denial of the motion.").

[2] At the time, the MDOC defendants' motion to dismiss or alternatively consolidate, Doc. #27, was still pending.

to file a proposed amended pleading as "an exhibit to a motion for leave to file the pleading, and if the motion is granted, the movant must file the amended pleading … within seven (7) days from entry of the order granting the motion."

The plaintiffs attached as an exhibit to their motion to amend "their proposed Second Amended Complaint that (a) seeks monetary damages from Centurion due to the physical injuries and damages they have suffered and (b) adds state law causes of action based on the same or similar conduct that provide for monetary damages (and punitive damages) against Centurion." Doc. #44 at 3. Centurion argues that the motion to amend should be denied on procedural grounds because the plaintiffs "improperly filed their Motion for Leave after this Court entered a stay and during the pendency of Centurion's Rule 12(b)(1) motion to dismiss." Doc. #51 at 3. Centurion further argues that the motion fails on the merits because "*all* five factors weigh against granting Plaintiffs leave," in part because the Second Amended Complaint fails to state a claim. *Id.* at 5, 8–11. The MDOC defendants also argue that the plaintiffs' motion is improper based on the stay. Doc. #53 at 3. The plaintiffs reply that the stay does not prevent them from seeking leave to file an amended complaint. Doc. #57 at 6. However, they submit that because of the consolidation, they "are in the position of arguing for leave to file a proposed Second Amended Complaint … that, as currently drafted, is no longer accurate or appropriate, procedurally speaking, for this matter." Doc. #57 at 1–2.

The defendants' procedural argument for denying amendment is unsupported by the language of Judge Percy's order. The order stayed (1) the "MDOC Defendants' deadline to answer the Plaintiffs' Amended Complaint;" (2) all discovery; and (3) the attorney conference. Doc. #40 at 2. Nothing in the order prohibited the plaintiffs from seeking leave to file an amended complaint. Nevertheless, since the plaintiffs have indicated that the current proposed Second Amended Complaint "is no longer accurate or appropriate," Doc. #57 at 1–2, the Court declines

to consider whether amendment is warranted on the merits. Accordingly, the plaintiffs' motion for leave to file will be denied without prejudice to the plaintiffs renewing their motion to amend with an updated proposed amended complaint.

### III
### Conclusion

The plaintiffs' motion for leave to file a second amended complaint [43] is **DENIED without prejudice**.

**SO ORDERED**, this 3rd day of December, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**