IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DARRAN LANG, et al.**                                                           **PLAINTIFFS**

V.                                                                            **NO. 4:20-CV-30-DMB-JMV**

**NATHAN "BURL" CAIN, et al.**                                         **DEFENDANTS**

**ORDER**

On July 9, 2020, the plaintiffs, 227 current and former residents of the Mississippi State Penitentiary at Parchman, Mississippi ("Parchman"), filed an amended complaint in the United States District Court for the Northern District of Mississippi against Mississippi Department of Corrections ("MDOC") Commissioner Nathan "Burl" Cain; MDOC Deputy Commissioner of Institutions Jeworski Mallett; Parchman Acting Superintendent/Area 1 Warden Timothy Morris; MDOC Chief Medical Officer Gloria Perry; Parchman Area 2 Warden Brenda Cox; Parchman Chief of Security Sonja Stanciel; and Centurion of Mississippi, LLC. Doc. #6. In their amended complaint, the plaintiffs assert an array of Eighth Amendment claims related to the current and past conditions at Parchman. *Id.* at 38–42. The plaintiffs also raise procedural due process claims related to their confinement. *Id.* at 38.

On October 6, 2020, Centurion filed a motion to dismiss for lack of subject matter jurisdiction. Doc. #39. In its motion, Centurion argues that the case against it is moot because it "is no longer the contract healthcare provider and no longer able to provide care or treatment to prisoners in MDOC's custody" and, therefore, is "unable to implement any injunctive or declaratory relief that might be ordered by this Court." *Id*. at 2. Two days later, United States Magistrate Judge Roy Percy[1] stayed all discovery and the deadline to answer the amended

---

[1] Judge Percy was then the assigned magistrate judge. The case was reassigned to United States Magistrate Judge Jane M. Virden on November 16, 2020.

complaint pending resolution of the motions[2] to dismiss. Doc. #40.

On October 27, 2020, the plaintiffs filed a motion for leave to file a second amended complaint, Doc. #43; a proposed Second Amended Complaint, Doc. #43-1; a response opposing Centurion's motion to dismiss, Doc. #45; and a memorandum brief arguing that their proposed Second Amended Complaint "cures every deficiency alleged by Centurion in its Motion to Dismiss, thus, rendering said Motion to Dismiss moot," Doc. #46 at 6. However, because the plaintiffs also indicated that their proposed Second Amended Complaint was "no longer accurate or appropriate" based on the subsequent consolidation of this case with *Amos v. Taylor*, No. 4:20-cv-7-DMB-JMV, the Court, on December 3, 2020, denied the plaintiffs' motion for leave to amend "without prejudice to the plaintiffs renewing their motion to amend with an updated proposed amended complaint."[3] Doc. #60 at 4.

In the same order, the Court noted that Centurion's motion failed to comply with Local Rule 7(b) because it included legal arguments and citations and was not accompanied by a memorandum brief. *Id.* at 2 n.1. The next day, Centurion filed a motion asking the Court to "dispense with L.U. R. Civ. P. 7(b)(4)'s requirement to submit a separate memorandum brief in support of its pending Motion to Dismiss for Lack of Subject Matter Jurisdiction, or alternatively, allow Centurion to file a corrected Motion to Dismiss and separate memorandum brief in support." Doc. #61 at 2–3 (internal record citation omitted). Although the motion represents that the plaintiffs oppose this relief, *id.* at 1, the plaintiffs did not respond to the motion and the time to do so has expired.

Because of Centurion's failure to comply with the Local Rules with respect to its motion to dismiss, the motion to dismiss [39] is **DENIED without prejudice**. However, because the

---

[2] At the time, the MDOC defendants' motion to dismiss or alternatively consolidate, Doc. #27, was still pending.

[3] The Court did not set a deadline for the plaintiffs to renew their motion to amend with an updated proposed second amended complaint. The plaintiffs have not filed such a motion in the two months since the December 3 order.

plaintiffs' failure to respond to Centurion's motion to correct leaves such motion unopposed, the motion to correct [61] is **GRANTED**. *See* L.U. Civ. R. 7(b)(3)(E) ("If a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed."). Accordingly, within seven (7) days of the entry of this order, Centurion may file the proposed motion to dismiss and the proposed memorandum brief attached as exhibits to the motion to correct.

**SO ORDERED**, this 8th day of February, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**