## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

DARRAN LANG, et al.                                          PLAINTIFFS

V.                                              NO. 4:20-CV-30-DMB-RP

NATHAN "BURL" CAIN, et al.                                   DEFENDANTS

### ORDER

On April 5, 2021, Brymon Hamp, presumably acting pro se, filed a motion for a temporary restraining order. Doc. #71. Based on his representation that he is "intentionally being denied access to medication needed for multiple sclerosis," Hamp seeks an order requiring that he be provided an examination and a plan for treatment and that he be transferred to a different unit to accommodate his disability. *Id*. at 2, 4 (emphasis omitted).

Hamp, one of the plaintiffs in this case, began this litigation represented by four attorneys—Carson Thurman and Thomas Bufkin of Carroll Bufkin, PLLC; and Marcy Croft and Jessica Rice of Maron Marvel Bradley Anderson & Tardy. Thurman and Bufkin were granted leave to withdraw on December 2, 2020. Doc. #59. On December 31, 2020, and January 15, 2021, Croft and Rice left Maron Marvel. Doc. #67 at ¶ 2. Immediately after their departure, Croft and Rice "sent Joint Notice letters to all Plaintiffs alerting them of the change and inquiring of their choice of counsel pursuant to the Rules of Professional Responsibility." *Id*. On April 8, 2021, Hamp elected to maintain representation with Croft and Rice.

According to the Restatement of the Law Governing Lawyers,

When a client retains a lawyer who practices with a firm, the presumption is that both the lawyer and the firm have been retained (see § 26, Comment e). Hence, when a lawyer involved in a representation leaves the firm, the client can ordinarily choose whether to be represented by that lawyer, by lawyers remaining at the firm, by neither, or by both. In the absence of client direction, whether the departing lawyer continues to have authority to act for the client depends on the circumstances, including whether the client regarded the lawyer to be in charge of the matter, whether other lawyers working on the matter also leave, whether firm

lawyers continue to represent the client in other matters, and whether the lawyer had filed an appearance for the client with a tribunal. Similar principles apply when a firm dissolves. *When a lawyer leaves a large firm, for example, it can usually be assumed that, absent contrary client instructions or previous agreements, the firm continues to represent the client in pending representations and the lawyer does not.*

RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 31 cmt. f (2000) (emphasis added).

Given the above, it seems that as of April 5, 2021, when Hamp filed his motion, he was represented by *either* Croft and Rice or by Maron Marvel (or perhaps both). "When a [party] is represented by counsel, he or she does not have the right to file *pro se* motions." *United States v. Jones*, __ F. App'x __, No. 19-106002021, WL 330066, at *4 (5th Cir. Feb. 1, 2021). Such motions may be stricken. *Id.* However, a court may, in its discretion, consider a pro se filing even when the litigant is represented. *See United States v. Rivernider*, 828 F.3d 91, 108 (2d Cir. 2016) ("We do not suggest that district courts lack discretion to hear from a represented defendant personally, nor do we criticize the district court for allowing Rivernider to make his pro se submission.").

Under normal circumstances this Court would strike Hamp's motion as violative of the hybrid representation rule. However, given the uncertainty in Hamp's representation at the time of his filing of the motion and the emergency nature of the motion, the Court, in the exercise of its discretion, will allow the motion to stand. But Croft and Rice, as Hamp's attorneys, are responsible for supplementing[1] the motion as necessary and for replying in support of the motion, should a response be filed. No additional filings from Hamp will be considered. To allow Hamp's attorneys time to investigate the allegations made in the pro se motion, the deadline for the defendants to respond to the pro se motion is **EXTENDED** until May 3, 2021.[2]

---

[1] In determining whether supplementation is necessary, Hamp's attorneys should investigate the allegations in the motion. If an investigation reveals the motion would violate Rule 11, counsel should withdraw the motion on Hamp's behalf.

[2] To the extent the motion filed by the defendants on April 15, 2021, includes a request for an extension to respond to Hamp's motion after a requested status conference is held, *see* Doc. #72 at 9, such request is now moot. *See Doc*

**SO ORDERED**, this 23rd day of April, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

#73 (setting April 23, 2021, status conference).