IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DARRAN LANG, et al.**                                                        **PLAINTIFFS**

**V.**                                                                           **NO. 4:20-CV-30-DMB-RP**

**NATHAN "BURL" CAIN, et al.**                                     **DEFENDANTS**

## ORDER

On July 9, 2020, the plaintiffs, all prisoners at the Mississippi State Penitentiary at Parchman, Mississippi, filed an amended complaint against numerous prison officials and Centurion of Mississippi, LLC. *See* Doc. #6. The complaint asserts constitutional claims arising from allegedly "abhorrent conditions, abuse and constant violence, inadequate health care and mental health care, and overuse of isolation." *Id*. at ¶ 3. The complaint seeks injunctive and declaratory relief related to the alleged constitutional violations. *Id*. at 42.

On February 12, 2021, Centurion filed a motion to dismiss for lack of subject matter jurisdiction. Doc. #65. Centurion argues the Court lacks jurisdiction because "Centurion is no longer contractually responsible for the provision of medical services to inmates at [Mississippi Department of Corrections] facilities, including the named plaintiffs and purported class members." Doc. #66 at 3. However, in support of its motion to dismiss, Centurion submitted no evidence showing that it had ceased operations at Parchman. Briefing on the motion is currently stayed pending resolution of certain issues regarding the representation of the plaintiffs. Doc. #77. Once the representation issues are resolved, it appears the plaintiffs intend to file an amended complaint dropping most of their equitable claims against Centurion and also asserting damages claims against Centurion.

A court may dismiss a claim for lack of jurisdiction without affording a party an opportunity to respond when "it is unmistakably clear that the court lacks jurisdiction." *Catzin v.*

*Thank You & Good Luck Corp.*, 899 F.3d 77, 82–83 (2d Cir. 2018). A plaintiff must have Article III standing to assert a claim for injunctive or declaratory relief. *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir. 1998). "The familiar elements of standing are (1) an injury in fact that (2) is fairly traceable to the challenged conduct of the defendant and (3) is likely to be redressed by a favorable judicial decision." *Cameron Cnty. Hous. Auth. v. City of Port Isabel*, 997 F.3d 619, 622 (5th Cir. 2021). To satisfy the standing requirement, a plaintiff seeking injunctive or declaratory relief must show "a likelihood of future violations of their rights by the defendant, not simply future effects from past violations." *Armstrong*, 141 F.3d at 563 (alterations omitted).

Given the lack of evidence regarding Centurion's operations at Parchman, the Court cannot conclude that it is unmistakably clear that it lacks jurisdiction over the plaintiffs' claims against Centurion. Accordingly, a ruling on the motion at this time would be improper. Further, the Court concludes that it would be inefficient to wait for the plaintiffs to resolve their representation issues and then require a response to what appears to be an inadequately supported motion which may be mooted by a subsequent amended complaint. For these reasons, the motion to dismiss [65] is **DENIED without prejudice**. Centurion may renew its motion within fourteen (14) days of the entry of this order. If the motion is renewed, the response deadline will be set by United States Magistrate Judge Jane M. Virden after resolution of the plaintiffs' representation issues.

**SO ORDERED**, this 20th day of July, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**