IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DARRAN LANG, et al.**                                                                                                        **PLAINTIFFS**

**V.**                                             **NO. 4:20-CV-30-DMB-RP**

**NATHAN "BURL" CAIN, et al.**                                               **DEFENDANTS**

**ORDER**

On July 9, 2020, the plaintiffs, all prisoners at the Mississippi State Penitentiary at Parchman, Mississippi, filed an amended complaint against numerous prison officials and Centurion of Mississippi, LLC. Doc. #6. In the complaint, the plaintiffs assert constitutional claims arising from allegedly "abhorrent conditions, abuse and constant violence, inadequate health care and mental health care, and overuse of isolation." *Id*. at 3. The plaintiffs seek injunctive and declaratory relief related to the alleged constitutional violations. *Id*. at 42.

On August 3, 2021, Centurion filed a motion to dismiss for lack of subject matter jurisdiction. Doc. #112. Centurion argues jurisdiction is lacking because it "is no longer the contract healthcare provider for the Mississippi Department of Corrections ('MDOC') and, as a result, the claims against it are moot." *Id*. at 1. In its memorandum, Centurion represents that it "has conferred with counsel for the represented plaintiffs and all other defendants and they do not oppose Centurion's motion to dismiss as it relates to claims for declaratory and injunctive relief, which are the only claims currently pending against Centurion." Doc. #113 at 1.

Because of certain outstanding issues regarding the representation of some of the plaintiffs in this case, the Court is concerned about the ability of the plaintiffs' attorneys to consent to Centurion's dismissal. But a court may dismiss a claim for lack of jurisdiction without notice when "it is unmistakably clear that the court lacks jurisdiction." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82–83 (2d Cir. 2018). Because the Court concludes that it is

unmistakably clear that it lacks jurisdiction over the claims against Centurion set forth in the amended complaint, Centurion's motion to dismiss may be granted on its merits without affording the plaintiffs an opportunity to respond.

A plaintiff must have Article III standing to assert a claim for injunctive or declaratory relief. *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir. 1998). "The familiar elements of standing are (1) an injury in fact that (2) is fairly traceable to the challenged conduct of the defendant and (3) is likely to be redressed by a favorable judicial decision." *Cameron Cnty. Hous. Auth. v. City of Port Isabel*, 997 F.3d 619, 622 (5th Cir. 2021). To satisfy the standing requirement, a plaintiff seeking injunctive or declaratory relief must show "a likelihood of future violations of their rights by the defendant, not simply future effects from past violations." *Armstrong*, 141 F.3d at 563.

Here, Centurion has submitted evidence that it no longer operates as the medical provider at Parchman. Doc. #112-1. Because there is no dispute that Centurion no longer operates at Parchman, there is simply no likelihood of a future violation. Accordingly, the plaintiffs lack standing with respect to their equitable claims against Centurion. Dismissal for lack of subject matter jurisdiction is therefore required. *See HSBC Bank USA, N.A. as Tr. for Merrill Lynch Mortg. Loan v. Crum*, 907 F.3d 199, 202 (5th Cir. 2018) ("Standing is a component of subject matter jurisdiction."). So, Centurion's motion to dismiss [112] is **GRANTED**. Centurion is **DISMISSED without prejudice**.[1]

**SO ORDERED**, this 13th day of August, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] Such dismissal, of course, is without prejudice to the plaintiffs seeking to amend their complaint to assert claims for damages against Centurion.